UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-80053-CV-MIDDLEBROOKS

SHERYL GLOVER,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,
n/k/a PHH Mortgage Corporation,

    Defendant.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS CAUSE comes before the Court upon the Parties' written submissions in this consolidated action for purposes of trial. (*Glover v. Ocwen Loan Servicing, LLC*, Case no. 20-80053-DMM (*"Glover"*) at DE 73, DE 76, DE 77, DE 78, DE 79; *Booze v. Ocwen Loan Servicing, LLC* (*"Booze"*) at DE 64, DE 67, DE 68, DE 69, DE 70). The Parties agreed that there are no disputed facts, and they only seek an adjudication of dispositive issues of law.

### I.    FINDINGS OF FACT

These cases are nearly identical, and the facts are agreed upon. In short, Plaintiffs had mortgages serviced by Defendant upon being 30 days or more delinquent. Defendant voluntarily offered Plaintiffs an option to make monthly mortgage payments online or over the phone rather than by mail. Defendant charged, and Plaintiffs paid, a convenience fee (hereinafter, "Speedpay fees") for payments made online or over the phone. Defendants did not charge a fee for payments made by mail. Neither the mortgages nor promissory notes mentioned these convenience fees. I incorporate by reference the Parties' Joint Stipulation of Facts and their attached exhibits in both cases, which contain the specific loan amounts, dates, and fees. (*Glover*, DE 73; *Booze*, DE 64).

### II.    PROCEDURAL HISTORY

Plaintiffs simultaneously filed suit in Florida state court on December 12, 2019, alleging violations (one count) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (*Glover*, DE 1-2 at 5; *Booze*, DE 1-2 at 2).[1] Specifically, Plaintiffs allege that Defendant's Speedpay fees violated § 1692f(1), which prohibits "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). In January 2020, Defendant removed both actions and soon after moved to dismiss.

In March 2020, I granted in part Defendant's Motion to Dismiss in *Glover* and denied it in its entirety in *Booze*. (*Glover*, DE 20; *Booze*, DE 12). In those Orders, the issues being identical, I resolved four issues of law in favor of the Plaintiffs. First, Speedpay fees "are expenses incidental to the principal obligation" and thus are covered by the FDCPA. (*Glover*, DE 20 at 5; *Booze*, DE 12 at 5). Second, Speedpay fees are not permitted by law. (*Glover*, DE 20 at 7; *Booze*, DE 12 at 7). Third, Speedpay fees are not "expressly authorized by the agreement creating the debt." (*Id*.). And fourth, Defendant was acting as a debt collector. (*Glover*, DE 20 at 8; *Booze*, DE 12 at 8).

The only issue that differed was Defendant's statute of limitations defense unique to *Glover*. There, I granted Defendant's Motion to Dismiss as to payments made before May 12, 2014. (*Glover*, DE 20 at 9).

In September 2020, upon the request of the Parties, I stayed both cases pending the Eleventh Circuit's decision in *Bardak v. Ocwen Loan Servicing, LLC*, Appeal No. 20-13297, a case very similar to these. (*Glover*, DE 49; *Booze*, DE 40). In April 2021, I lifted the stay after the Eleventh Circuit dismissed the appeal. (*Glover*, DE 51; *Booze*, DE 42). The Parties in both cases then stipulated to a bench trial.

---

[1] These two Plaintiffs opted out of a class action settlement in *McWhorter v. Ocwen Loan Servicing, LLC*, No. 15-cv-01831 (N.D. Ala.).

In May 2021, I ordered the Parties to show cause why the two cases should not be consolidated for trial. (*Glover*, DE 66; *Booze*, DE 58). The Parties' responded that they agreed to consolidate these cases for purposes of trial, and, given the lack of disputed facts, requested that the Court adjudicate the dispositive issues of law on their written submissions. (*Glover*, DE 69; *Booze*, DE 62). The Parties then filed (in both cases) a Joint Stipulation of Facts, separate proposed Findings of Fact and Conclusions of Law and responses to each. (*Glover*, DE 73, DE 76, DE 77, DE 78, DE 79; *Booze*, DE 64, DE 67, DE 68, DE 69, DE 70).

### III. CONCLUSIONS OF LAW

The issues of law resolved in the Orders on Defendant's Motions to Dismiss are dispositive. I incorporate by reference here the reasoning and conclusions set forth in those Orders. (*Glover*, DE 20; *Booze*, DE 12). The Court is unaware of any intervening Eleventh Circuit precedent that would alter my previous conclusions. *See Salter v. PHH Mortg. Corp.*, No. 21-62318-CIV, 2022 WL 393374 (S.D. Fla. Feb. 9, 2022) (acknowledging "inter- and intra-District split as to whether claims arising from convenience fees charged by loan servicers are ever viable under the FDCPA or FCCPA."); *see also Morris v. PHH Mortg. Corp.*, No. 20-60633-CIV, DE 202 at 17-18 (S.D. Fla. June 16, 2023) (acknowledging same in final approval of class action settlement for same claim against same Defendant). In addition, in July 2022, the Consumer Financial Protection Bureau issued an advisory opinion that took the same position as this Court. *See* CFPB, Advisory Opinion on Pay-to-Pay Fees, 87 Fed. Reg. 39733 (July 5, 2022).

I nonetheless take a moment to address an argument that Defendant raised for the first time in its Proposed Conclusions of Law. (*Glover*, DE 77 at 13; *Booze*, DE 68 at 13). Defendant argues that the Speedpay fees are "permitted by law" under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1637(*l*). (*Id.*). TILA prohibits Speedpay fees on credit cards accounts. Defendant reads this as permitting the same for a debt collector. I do not believe, as I explained in the previous Orders, that this means TILA "affirmatively" gives permission for a debt collector to impose Speedpay

3

fees. (*See Glover*, DE 20 at 5; *Booze*, DE 12 at 5). I also reject Defendant's contention that when the FDCPA says "permitted by law" it also means state contract/common law.

### IV. DAMAGES

The FDCPA provides:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
>
> (1) any **actual damage** sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, **such additional damages as the court may allow, but not exceeding $1,000**;
>
> \*\*\*
> **and**
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a) (emphasis added). In awarding damages, a court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional . . . ." 15 U.S.C. § 1692k(b).

Plaintiffs' requests for damages are nearly identical. Plaintiff Glover and Plaintiff Booze request $247.50 and $120.00, respectively, in actual damages. (*Glover*, DE 76 at 5; *Booze*, DE 67 at 5). Both Plaintiffs also request, *without explanation*, the discretionary award of statutory damages capped at $1,000. (*See id.*). Plaintiffs further request that this Court reserve jurisdiction to rule on (if necessary) any motions for attorney's fees filed within fourteen days of this Order.

Defendant argues that Plaintiffs' actual damages should be reduced by $0.40 for each Speedpay fee paid because that much went to the third-party processing vendor. (*Glover*, DE 79

4

at 5; *Booze*, DE 70 at 5) (citing *Flores v. Collection Consultants of Cal.*, 2015 WL 4254032, at *9–10 (C.D. Cal. Mar. 20, 2015)). That would be a $10.40 reduction in actual damages for Ms. Glover and $4.00 for Ms. Booze.  As to the discretionary statutory damages, Defendant argues that none should be awarded because Plaintiffs failed to explain why they are justified.  Defendant also argues that additional damages are not warranted in this case because the violation is a disputed question of law.

I do not find Defendant's argument for reducing actual damages to be persuasive.  For one, I reviewed *Flores* and do not see how it is even relevant to this issue.  Second, the statute says, "*any actual damage*."  Whatever the limit of "any" might be, it surely does not exclude the unlawful fee paid by a debtor.  As to the discretionary statutory damages, I agree with Defendant.  Plaintiff simply provided a boilerplate request for the statutory maximum with no explanation or citation to the statutory factors.  That is inadequate.  The circumstances of this case—a relatively small and voluntary convenience fee in a disputed area of law—also do not merit such an award.  Lastly, the Court will reserve jurisdiction to adjudicate, if necessary, Plaintiffs' motions on reasonable attorney's fees.

### V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff SHERYL GLOVER is entitled to judgment in her favor on Count I of the Complaint, Unlawful Debt Collection Practice under 15 U.S.C. 1692f.  Defendant OCWEN LOAN SERVICING, LLC, n/k/a PHH Mortgage Corporation, is liable to Plaintiff GLOVER for **$247.50** in actual damages.

(2) Plaintiff CATHY BOOZE is entitled to judgment in her favor on Count I of the Complaint, Unlawful Debt Collection Practice under 15 U.S.C. 1692f.  Defendant OCWEN LOAN SERVICING, LLC, n/k/a PHH Mortgage Corporation, is liable to Plaintiff GLOVER for **$120.00** in actual damages.

(3) The Court reserves jurisdiction to adjudicate Plaintiffs' motions for attorneys' fees. Any such motion must be filed within fourteen (14) days of entry of this Order and must fully comply with all applicable Local Rules of this Court.

(4) Final judgment will be entered by separate order.

**SIGNED** in Chambers at West Palm Beach, Florida, this 1st day of August, 2023.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record

6