IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:20-cv-80053-DMM

SHERYL GLOVER, an individual,

      Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

      Defendant.

_____/

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff, Sheryl Glover (hereinafter "Plaintiff") files her Motion to Determine Amount of Attorneys' Fees and Costs (hereinafter, "Motion for Attorney's Fees and Costs") and states as follows:

**I.  Introduction and Background**

1.  Plaintiff filed the instant lawsuit against Defendant for violations of the Fair Debt Collection Practices Act (FDCPA).

2.  On December 12, 2019, the Plaintiff filed the Complaint in State Court.

3.  On January 16, 2020, the Defendant removed the action to Federal Court.

4.  On January 24, 2020, the Defendant filed a Motion to Dismiss.

1

5. On February 14, 2020, the Plaintiff filed her response to the Motion to Dismiss.

6. On March 2, 2020, the Court denied Defendant's Motion to Dismiss.

7. On June 18, 2020, the Parties attended a Settlement Conference in front of U.S. Magistrate Judge Dave Lee Brannon, which resulted in an impasse.

8. The Parties agreed to adjudicate the dispositive issues of law on written submissions.

9. On August 1, 2023, this Court granted Final Judgment in Favor of the Plaintiff awarding Plaintiff $247.50 in actual damages reserving ruling on Plaintiff's Motion for Attorney's Fees and Costs.

10. On August 9, 2023, Plaintiff filed a Motion for Extension of Time to file her Motion for Attorney's Fees and Costs.

11. On August 10, 2023, this Court granted the Motion for Extension of Time to file her Motion for Attorney's Fees and Costs up and through August 29, 2023.

12. Plaintiff now, as the prevailing party timely files this *Motion for Attorneys' Fees and Costs.*

13. Under 15. U.S.C. § 1692k which states, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of — 1) any actual damage sustained

by such person as a result of such failure; 3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

14. As Plaintiff has prevailed on her claim to enforce liability on Defendant for violating the FDCPA, Plaintiff is entitled to her attorney's fees and costs.

15. In support of this Motion, Plaintiff files the attached Declarations of her counsel, Young Kim, Christopher Hixson and James Kauffman, with supporting detailed time records.

16. In support of this Motion, Plaintiff files the attached Declaration of Michael J. Higer with supporting materials.

17. Plaintiff will continue to incur additional fees and costs up until the resolution of the case, including the resolution of any appeal taken.

**II.     Entitlement**

As noted above, Plaintiff brought her claims against Defendant pursuant to the FDCPA. The FDCPA allows for "reasonable attorney's fees and costs…" *See* 15 U.S.C. § 1692k.  The language of the FDCPA that awards attorney's fees is as follows:

> [I]n the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(b). A Plaintiff is deemed the prevailing party in a successful action "for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) citing *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978). Here, as noted above, Plaintiff obtained a judgment against Defendant, prevailing on her single-count FDCPA claim, and, as such, Plaintiff is entitled to her reasonable attorneys' fees and costs as the prevailing party in a successful action this case. Additionally, the FDCPA allows the prevailing party to recover fees incurred while litigating the entitlement and amount of attorney's fees recoverable. *In re Burdett*, 2015 WL 150848, at *5 (Bkrtcy. M.D. Fla. 2015) (allowing "fees on fees" in an FDCPA case, following established Eleventh Circuit precedent); *see also Sheet Metal Workers' Intern. Ass'n Local 15, AFL–CIO v. Law Fabrication*, LLC, 237 Fed. Appx. 543, 550 (11th Cir.2007).

Under the FDCPA, "costs of the action" are separately recoverable from attorney's fees. *Valencia v. Affiliated Group, Inc.*, 674 F.Supp.2d 1300, 1305 (S.D. Fla. 2009) quoting *Harmon v. Retrieval Masters Creditors Bureau, Inc.*, 07–80777–CIV–MIDDLEBROOKS (S.D. Fla.). Plaintiff seeks recovery of her incurred costs of filing fees and service of process fees, as well as the costs

associated with expert fees incurred to determine her entitlement and amount of attorney's fees recoverable.

Therefore, Plaintiff requests this Court enter an order finding Plaintiff is, in fact, entitled to attorneys' fees and costs for successfully prosecuting her FDCPA claims.

### III. Quantum

Plaintiff has offered Defendant the ability to liquidate and settle Plaintiff's attorneys' fees and costs without the need for a formal motion. Defendant, however, has failed to engage in mitigation attempts, requiring a hearing to determine the reasonableness of Plaintiff's requested attorneys' fees and costs.

The attached timesheets contains the contemporaneously kept time records which outline the billable and non-billable hours expended by Consumer Law Attorneys and Bailey Glasser LLP. *See* Kim Decl., Ex. A; Kauffman Decl., Ex. A. Billable hours are separately outlined in the table immediately below:

|  | **Hours (BW)** | **Rate** | **Total Fees** |
|---|---|---|---|
| Young Kim, Esq. | 230.3 | $450.00 | $103,635.00 |
| Christopher Hixson, Esq. | 22 | $450.00 | $9,900.00 |
| James Kauffman, Esq. | 21 | $450.00 | $9,450.00 |
| Vanessa Pierre (Paralegal) | 3.6 | $200.00 | $720.00 |
| Deanna Firlik (Paralegal) | 0.9 | $150.00 | $135.00 |

| | | | |
|---|---|---|---|
| **TOTALS FOR ATTORNEY:** | 273.3 | $450.00 | $122,985.00 |
| **TOTALS FOR PARALEGAL:** | 4.5 | $150-$200 | $855.00 |

### III. Reasonableness Factors

The value of Plaintiff's counsels' services in this matter should be based on the following reasonableness considerations enumerated in *Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)*. Specifically:

a.  <u>Time and Labor Required:</u> Counsel for Plaintiff has expended time and effort rendering professional services to or on behalf of Plaintiff in this case. Counsel for Plaintiff has maintained detailed, daily records of the time devoted in rendering these services which are summarized in the Affidavits and their attachments. Where work was performed by attorneys or paralegals at Consumer Law Attorneys or Bailey Glasser LLP, the firms coordinated so there was no duplication of efforts.

b.  <u>Novelty and Difficulty of Questions:</u> The novelty and difficulty of questions involved in this case was complex as this case proceeded to trial by papers. The merits of Plaintiff's claims were challenged at every step by Defendants. In support of its motion to dismiss, Defendant's argued that the Speedpay fees were not debts under the FDCPA, the debt was not an expense incidental to the debt, was not

permitted by law or contract, Defendant was not a debt collector, and cited a split of authority from Florida district courts. On March 2, 2020, after Plaintiff prevailed on the motion to dismiss, the case proceeded to discovery where the parties agreed on the material facts, but disagreed substantially on the application of the law to those facts. Thereafter, the parties agreed to have trial by written submissions with which, the parties both submitted their own respective legal applications of law to the facts.

    c.    <u>Skills Requisite to Perform the Legal Services Properly:</u> Consumer Law Attorney's practice consists primarily of foreclosure defense, consumer law, and landlord tenant disputes. Bailey Glasser LLP's attorneys handle a wide variety of commercial disputes, as does its attorney, James Kauffman. Mr. Kauffman brought one of the first cases, *Montesi v. Seterus, Inc.,* Case No. 50-2015-CA-010910-XXXX-MB (Fla. Cir. Ct. Palm Beach Cty.), to challenge payment processing "convenience" fees and has represented plaintiffs and certified classes in over a dozen similar actions across the country. Kauffman Decl. ¶ 4. Counsel for Plaintiff performed the services for Plaintiff to the best of their ability obtaining a judgment against Defendant.

    d.    <u>Preclusion of Other Employment by Attorneys Involved:</u> This case did not wholly preclude Consumer Law Attorney's from other employment; however, the hours shown in the above referenced in the affidavits and attachments could and would have been used litigating other matters but for this case. Mr. Kauffman has

both hourly and non-hourly contingent matters that he was engaged in during his work on this case and had he not worked on this matter, Mr. Kauffman would have worked on those other matters. Kauffman Decl. ¶¶ 7, 18.

    e.    <u>Customary Fee:</u>  The fee requested by Counsel for Plaintiff is its customary fee when performing services of the type involved in this case.  Plaintiff submits that a reasonable hourly rate for Consumer Law Attorney's—which she agreed to pay—is $450.00/hour, which was the fee that Plaintiff agreed to in the retainer agreement.  Mr. Kauffman's customary rate in 2021 was $650.00 per hour for which he had hourly clients for matters located in this district at this rate in 2021. Given the cap of the fee agreed to by Plaintiff in her engagement letter, Mr. Kauffman is seeking a fee of $450.00, a significant reduction to his customary hourly fee.

    f.    <u>Whether the Fee is Fixed or Contingent:</u>  The fee here is purely contingent on prevailing in this matter and fees being awarded by the Court, which has happened.  Plaintiff has not paid counsel anything. Plaintiff's Counsel has taken the sole risk and burden on prevailing on the matter in order to recover fees and costs.

    g.    <u>The Limitations Imposed by Client or Other Circumstances:</u> The client wished to proceed on a purely contingent basis because hourly billing is expensive because of Plaintiff's inability to pre-pay her attorneys' hourly rate retainer or

advance the costs expended in this action. In other words, Counsel could only represent the Plaintiff based on a contingency-fee retainer agreement.

  h. <u>Amount Involved and Results Obtained:</u>  Plaintiff's Counsel assisted Plaintiff in gathering the necessary information to properly prosecute Plaintiff's Complaint. Over the course of the past approximately four years, Plaintiff's Counsel has diligently pursued Plaintiff's all claims against Defendant, including drafting all necessary pleadings/filings, depositions, discovery, trial by papers and ultimately prevailing on paper submissions.

  i. <u>Nature and Length of the Professional Relationship with the Client:</u> This factor is not relevant to the circumstances of this case, however Plaintiffs' Counsel has had a relationship throughout the four years of this litigation.

  j. <u>The experience, reputation, and ability of the attorneys</u>: As noted above, each of Plaintiff's attorneys have more than seven years of experience and expertise in the area of consumer protection. Each attorney possesses significant experience in the realm of consumer protection, and each have attended several consumer-protection conferences and CLEs/webinars. Attorneys Kim, Hixson, and Kauffman possess solid reputations in the community as consumer advocates.

  k. <u>The "undersirability of the case:</u>  Plaintiff asserts this factor is not materially relevant; however, Counsel notes that this case was very difficult to prosecute compared to other similar consumer claims.

l. <u>Awards in Similar Cases:</u>  Plaintiff's Counsel Young Kim, Esq. is an attorney going on his 8th year of litigating Consumer Protection Statutes. Young Kim, Esq. has been awarded $450 in other courts for litigating similar cases. On July 12, 2023, Orange County Court Judge Andrew Bain awarded $450/hr as being reasonable for Attorney Young Kim in Case Style.: Jacqueline Kirkland v. Bonna Peng Case No.: 2023-SC-25241.

Plaintiff's Counsel Christopher Hixson, Esq. is an attorney with over 15 years experience with Consumer Law and was a Florida Bar Fee Arbitrator for 2 years. Christopher Hixson, Esq. has had Courts awarding him over $500/hr and reduced his fee to $450/hr pursuant to the fee agreement with the Client and reduces his fee for purposes of the instant matter.

Plaintiff's Counsel, James Kauffman, Esq. is an attorney with over 20 years experience. His normal hourly rate for 2021 was $650 per hour, but for the purposes of this litigation only, he reduced my hourly rate to $450 per hour based on Plaintiff's prior agreement with Consumer Law Attorneys.  Mr. Kauffman's attorney and paralegal rates have been reported to state and federal courts approving fee applications in other contingent matters. These rates are consistent with those that courts have found reasonable for law firms that were serving as plaintiffs' counsel in class actions challenging the same types of fees at issue here.  See *Langston v. Gateway First Bank*, No. 5:20-cv-01902-VAP (C.D. Cal.)(DE 58, 63)(approving

Kauffman rate of $764 per hour and Pierre rate of $208 per hour); *Elbert v. Roundpoint Mortgage Servicing, Corp.*, No. 3:20-cv-00250-MMC (N.D. Cal.)(DE 93-2, 98)(approving Kauffman rate of $764 per hour and Pierre rate of $208 per hour);; *Fernandez v. Rushmore Loan Servicing*, Case No. 8:21-cv-00621-DOC (C.D. Cal.)(DE 36-4, 42) (approving Kauffman rate of $759 per hour and Pierre rate of $206 per hour); *Phillips v. Caliber Home Loans*, No. 0:19-cv-02711 (D. Minn.) (DE 99, 111)(approving Kauffman rate of $759 per hour and Pierre rate of $206 per hour); *Torliatt v. Ocwen Loan Servicing, LLC* et. al, No. 3:19-cv-04303-WHO (N.D. Cal.) (approving Kauffman rate of $650 per hour and Pierre rate of $270 per hour).

Plaintiff is entitled to reasonable attorney's fees and costs in the matters as the prevailing party.

Therefore, the total amount of reasonable attorneys' fees and reimbursement of costs, expert witness costs. Consumer Law Attorney's requests **$113,937.18** for its attorney's fees and costs and Bailey & Glasser requests **$12,670.00** for its attorney's fees and costs, and Berger Singerman requests **$7,710.00** for its attorney's fees and costs incurred for their representation of Plaintiff in this cause of action.

**WHEREFORE** Plaintiff requests that this Court enter an Order:

    (a)    Granting Plaintiff's Motion for Attorney's Fees and Costs;

(b) Awarding reasonable Consumer Law Attorney's fees in the amount of $113,670.00 and costs in the amount of $267.18;

(c) Awarding reasonable Bailey & Glasser's attorney's fees in the amount of $10,170.00 and costs in the amount of $2,500.00;

(d) Awarding reasonable Berger Singerman attorney's fees in the amount of $7,710.00;

(e) Reserving jurisdiction to award Plaintiff attorney's fees and costs for additional work required for the disposition of Defendant's appeal;

(f) Retaining jurisdiction over this matter to enter further orders, if necessary, for discovery and the procurement of payment of any award of attorneys' fees and costs; and

(g) Granting all other relief to which Plaintiff is entitled or the Court deems proper.

Dated: August 29, 2023               Respectfully submitted,
                                     **Consumer Law Attorneys**
                                     /s/ *Young Kim*
                                     **Young Kim, Esq., FBN 122202**
                                     2727 Ulmerton Rd., Ste. 270

Clearwater, FL 33762
Phone: (877) 241-2200
Facsimile: (727) 623-4611
Email:
litigation@consumerlawattorneys.com;
ykim@consumerlawattorneys.com

James L. Kauffman (Fla. Bar No. 12915)
Bailey & Glasser LLP
1055 Thomas Jefferson St. NW
Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
E-mail: jkauffman@baileyglasser.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Plaintiff's Motion for Attorneys' Fees and Costs* has been sent electronically this August 29, 2023 to all parties on the electronic service list:

/s/ *Young Kim*
**Young Kim, Esq., FBN 122202**

13